**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HARRY R. WILLS, JR.,

       Plaintiff,

v.                                  CIVIL NO. 04-74176
                                   HON. LAWRENCE P. ZATKOFF

EMERSON ELECTRIC COMPANY,
SEARS, ROEBUCK & CO.,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 4, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment filed on August 4, 2005. Plaintiff has responded to Defendants' motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below,

Defendants' Motion for Summary Judgment is GRANTED.

## II.  BACKGROUND

This case arises from an tragic accident involving a Sears Craftsman 10" compound miter saw.  The saw can be used to cut woods or soft metals, and consists of two main parts: the base, and the power head.  The saw is operated by first placing the workpiece on the base.  The operator uses one hand to secure the workpiece, and uses the other to lower the power head.  The saw was designed by Defendant Emerson, and sold by Defendant Sears.

On August 19, 2002, Plaintiff was using his miter saw to cut floor molding in his garage. The saw was on the floor, and Plaintiff was sitting in front of it on a plastic milk crate.  Plaintiff placed the molding on the base, and used his right hand to lower the power head.  Plaintiff's left hand was in his lap.  Plaintiff claims that as he started to cut the molding, it started "chattering." Wills Dep. at 42.  Plaintiff does not recall precisely what happened next; he claims that at some point his left hand went from his lap to the area of the saw blade.  His sleeve then became caught in the saw blade, and his left hand was virtually severed from his arm.  *Id.* at 48.  The hand was subsequently reattached, but Plaintiff has suffered a severe loss of mobility in the hand.

Plaintiff brought a products liability lawsuit against Defendants in Wayne County Circuit Court in September 2004, claiming design defect and failure to warn.  Plaintiff is now only proceeding on the design defect theory.  Defendant removed the case to this Court on the basis of diversity jurisdiction.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to


any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

### IV.  ANALYSIS

To establish a prima facie case of products liability under Michigan law, the plaintiff must prove a "causal connection between an established defect and injury." *Skinner v. Square D Co.*, 445 Mich. 153, 159 (1994). The question is not whether the alleged defect made the product more dangerous, but whether the injury would not have occurred but for the defect. When a plaintiff relies

on circumstantial evidence to establish causation, the evidence "must facilitate reasonable inferences of causation, not mere speculation." *Id.* at 164. The Michigan Supreme Court has described the showing necessary to establish a reasonable inference of causation:

> [A] basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred.

*Id.*

In the current case, Plaintiff claims that if the saw had been equipped with a lower blade guard, his injury would not have occurred. Defendant claims that since Plaintiff does not recall precisely how his hand came into contact with the saw blade, he cannot establish that the lack of a lower blade guard caused his injury.

In support of his theory, Plaintiff points to expert witness Harold Josephs. Josephs claims that if the saw in question had been equipped with a lower blade guard, Plaintiff's injury would not have occurred. Josephs Dep. at 26. However, "[a]n expert witness must do more than simply opine that a particular safeguard would have prevented a particular injury." *McGuire v. Hem, Inc.*, No. 93-71730, 1994 U.S. Dist. LEXIS 5689, *13 (E.D. Mich. 1994). The Michigan Supreme Court has held that an "expert opinion based upon only hypothetical situations is not enough to demonstrate a legitimate causal connection between a defect and injury." *Skinner*, 445 Mich. at 173. Therefore, "there must be facts in evidence to support the opinion testimony of an expert." *Mulholland v. DEC Int'l Corp.*, 432 Mich. 395, 411 (1989).

The question in the current case is whether there are facts in evidence which support Josephs's expert opinion. Josephs stated that a lower blade guard would prevent a hand from

4

coming into contact with the blade if the hand approached from the side. However, the guard would not stop a hand approaching the front of the blade. Josephs Dep. at 27. Thus, in order for Josephs's opinion to support a reasonable inference of causation, Plaintiff must be able to show that his hand approached the blade from the side.

Plaintiff has stated that he does not know precisely how his hand came into contact with the saw blade.

> Q. You reached below the saw blade with your left hand at that point in time, right? True?
>
> A. Yes. Well, I don't know if I reached below or what happened.
>
> Q. Your hand was at least in the path of the saw blade, correct?
>
> A. Well, I guess you'd have to say so.

Wills Dep. at 33.

> Q. And so you lowered the, or attempted to lower the power head, right?
>
> A. I lowered the power head, and the next thing I know my hand was cut off.

*Id.* at 43.

> Q. Why would you move your left hand out of your lap when you were cutting down with the saw?
>
> A. I don't know.
>
> Q. So somehow your left hand went from your lap to the area of the saw and it caught your sleeve somewhere?
>
> A. Caught my sleeve somewhere.

*Id.* at 48.

> Q. And when you did this but, the last thing you remember, you're telling me, is that your left hand was in your lap, right?
> A. Yes.

>Q. You don't know how the left hand got from your lap into the saw blade?
>
>A. No, I don't.
>
>Q. You don't know whether you were reaching for [the] work piece?
>
>A. I don't recall doing that.
>
>Q. You don't know whether you were reaching to clamp down the work piece to the left to hold that in position?
>
>A. I can't recall because everything happened so fast.

*Id.* at 52.

Josephs also acknowledged that there was no way to tell how Plaintiff's hand came into contact with the saw blade.

>Q. But where it came in contact with the blade or at what point, no one knows?
>
>A. No one knows.
>
>Q. Because Mr. Wills doesn't remember?
>
>A. That's correct.
>
>Q. And he's the only witness?
>
>A. Right.

Josephs Dep. at 25.

The Court is mindful that Plaintiff underwent an extremely traumatic experience, and does not fault Plaintiff for the failure to recall the exact details of the tragic accident. The Court is likewise sympathetic to the severe injury suffered by Plaintiff.

However, in order to hold Defendants legally responsible for Plaintiff's injury, there must be factual support for Josephs's assertion that a lower blade guard would have prevented the accident. Plaintiff is the only witness to the tragic event, and his testimony does not provide the

needed factual support. The proposed lower blade guard would only have stopped Plaintiff's hand if it approached the blade from the side; however, both Plaintiff and his expert witness admit there is no way to tell how Plaintiff's hand came in contact with the blade. Because there is no way of telling how Plaintiff's hand came in contact with the blade, Josephs's opinion is based on a hypothetical situation, and "is not enough to demonstrate a legitimate causal connection between a defect and injury." *Skinner*, 445 Mich. at 173. Thus, Plaintiff's claim fails as a matter of law.

This conclusion is born out in the case law. In *McGuire v. Hem, Inc.*, No. 93-71730, 1994 U.S. Dist. LEXIS 5689 (E.D. Mich. 1994), another case involving a saw injury, the plaintiff presented an expert witness who stated the injury would have been prevented if a different blade guard had been attached to the saw. *Id.* at *5. However, the plaintiff provided no evidence showing precisely how his injury occurred. The court granted summary judgment for the defendant, holding that "Plaintiff has failed to come forward with anything more than a purely speculative theory of causation. No one knows how Plaintiff's injury occurred. No one knows exactly where his hand came into contact with the exposed blade." *Id.* at *20.

Similarly, the Michigan Court of Appeals affirmed a grant of summary disposition for the defendant in *Hall v. Black & Decker, Inc.*, No. 218150, 2000 Mich. App. LEXIS 506 (Mich. Ct. App. 2000). The plaintiff had severely cut his hand while operating a saw. The plaintiff claimed defective design based on the absence of a lower blade guard. The court held the plaintiff had not established causation, noting that: "[t]here were no witnesses at the time that plaintiff cut his hand. The only testimony regarding how the injury occurred came from plaintiff's deposition testimony; however, his deposition testimony simply does not set forth sufficient evidence regarding how the radial arm saw actually cut his hand. " *Id.* at *4.

Likewise, in the current case there were no other witnesses, and Plaintiff's deposition testimony does not establish how his hand came into contact with the saw blade. Thus, Plaintiff's claim fails as a matter of law.

## V.  CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 4, 2005.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290